IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SA'EED MASSAQUOI,                  :
                                   :
       Petitioner         :  CIVIL NO. 1:CV-05-1593
                                   :
v.                                 :  (Judge Rambo)
                                   :
JOSEPH SMITH,                      :
                                   :
       Respondent         :

## M E M O R A N D U M

### I.   Introduction

Petitioner, Sa'eed Massaquoi, an inmate at the United States Penitentiary at Lewisburg (USP-Lewisburg), Pennsylvania, commenced this action *pro se* with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner challenges the Bureau of Prisons' ("BOP") acceptance of a detainer lodged against him by the Pennsylvania Board of Probation and Parole ("PBPP") on April 11, 2001. For the reasons that follow, the petition will be dismissed.

### II.  Background

Petitioner has previously filed a petition *pro se* for habeas relief under 28 U.S.C. § 2241 in this court. *See Massaquoi v. Dodrill*, Civil No. 1:CV-03-0055. The prior petition was denied by this court in a memorandum and order dated April 28, 2004. *See Massaquoi v. Dodrill*, Civil No. 1:CV-03-0055, slip op. April 28, 2004 (M.D. Pa.)(Rambo, J.). The relevant facts of this case were set forth in the court's memorandum and order in the prior action. Petitioner was paroled from a Pennsylvania state court sentence on July 27, 1998. On July 14, 1999, he was recommitted to Pennsylvania state prison as a technical parole violator.

On September 21, 2000, while still in Pennsylvania state custody, Petitioner was

produced in the United States District Court for the Eastern District of Pennsylvania ("Eastern District") pursuant to a federal writ of habeas corpus *ad prosequendum*, for sentencing on federal charges related to crimes committed while he was initially on parole from his state sentence in 1998.  Petitioner was sentenced by the Eastern District to a term of 646 months for conspiracy, armed bank robbery, using a firearm during a violent crime, brandishing a firearm during a violent crime, carjacking, and as a felon unlawfully in possession of a firearm.  Petitioner was returned to Pennsylvania authorities upon satisfaction of the federal writ, to serve his remaining parole violation term.  The federal sentence was lodged as a detainer.

On February 27, 2001, the Commonwealth of Pennsylvania relinquished custody of Petitioner, and he was committed to USP-Lewisburg to serve his 646 month federal sentence.  On April 11, 2001, while Petitioner was serving his federal sentence, the PBPP lodged a detainer in his case for a parole violation.  Petitioner claimed that the detainer should not be recognized by Respondent because it is invalid.  Respondent argued that (1) Petitioner had failed to exhaust his administrative remedies in regard to acceptance of the detainer, and (2) his challenge to validity of the detainer was premature.  The court agreed, and the petition was denied.  Thereafter, Petitioner filed the instant petition in which he again argues that the detainer is invalid, and therefore should not be recognized by the BOP.

**III.   Discussion**

Section 2241 confers jurisdiction to hear a habeas petition of a federal prisoner challenging the execution of his sentence.  *See U.S. v. Addonizio*, 442 U.S. 178, 185-88 (1979).  However, the ability to seek habeas relief pursuant to the provisions of 28 U.S.C. § 2241 has limitations.  The district court may summarily dismiss a successive habeas petition challenging detention of a federal prisoner "if the legality of such

2

detention has been determined by a judge or court of the United States on a prior application . . . except as provided in section 2255." 28 U.S.C. § 2244(a); *see also Valona v. U.S.*, 138 F.3d 693, 694 (7th Cir. 1998).  Although not specifically referenced in § 2244(a), courts have held that the substantive provisions of section 2244 are applicable to § 2241 habeas petitions brought by federal prisoners.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Valona*, 138 F.3d at 694 (holding that § 2244(a) bars successive § 2241 petitions directed to a prior issue related to execution of a sentence); *Chambers v. U.S.*, 106 F.3d 472, 474-75 (2d Cir. 1997) (dismissing successive § 2241 petition under § 2244).

Moreover, habeas corpus petitions brought under § 2241 are subject to the Rules Governing § 2254 cases in the United States District Courts.  28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)); s*ee, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Under Rule 9, "[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits."

In Petitioner's prior petition he argued that the PBPP "had relinquished jurisdiction by releasing Petitioner" to federal custody, and the detainer was invalid.  (1:03-CV-0055, Doc. 4 at 9.)  Similarly, in the instant case he argues that the "Commonwealth of Pennsylvania relinquished custody of petitioner by releasing him into the custody of federal authorities," and the subsequent detainer should not have been honored by the BOP. (Doc. 1 at 4.)   After review of the documents in the two cases, the court concludes that the issue in the instant petition was raised in the prior habeas petition.

Moreover, the issue was denied on the merits in the prior case.  Petitioner argued that the PBPP lost jurisdiction over him when it released him to federal custody on February 27, 2001 to serve his federal sentence.  This court concluded that "even a

3

cursory examination of the substance of Petitioner's claim reveals that it has been rejected by the Commonwealth Court of Pennsylvania . . . [in] *Bellochio v. Pennsylvania Board of Probation and Parole*, 559 A.2d 1024 (Pa. Commw. Ct. 1989) . . . . '[I]t is well-settled that either sovereign may voluntarily surrender a prisoner to the other without loss of jurisdiction and without the prisoner's consent.' *Bellochio* at 1026-27." *See Massaquoi v. Dodrill*, Civil No. 1:CV-03-0055, slip op. April 28, 2004 (M.D. Pa.)(Rambo, J.). Accordingly, since Petitioner has raised an identical issue in both actions, and this court previously addressed and denied the claim on the merits, the instant petition will be dismissed under the provisions of 28 U.S.C. § 2244(a) and under Rule 9 of the Rules governing habeas petitions, as a successive petition.

## IV.  Conclusion

For the aforementioned reasons, Petitioner's petition will be denied. An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  September 9, 2005.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SA'EED MASSAQUOI,** :<br>: **CIVIL NO. 1:CV-05-1593**<br>: **(Judge Rambo)**<br>**Petitioner** :<br>:<br>v. :<br>:<br>**JOSEPH SMITH,** :<br>:<br>**Respondent** : | |

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED** only for the purpose of filing this petition.

2) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.

3) The Clerk of Court is directed to close this case.

4) The court declines to issue a certificate of appealability.

                                                 s/Sylvia H. Rambo  
                                                 SYLVIA H. RAMBO  
                                                 United States District Judge

Dated: September 9, 2005.